## WILSON-WARD COMPANY *v*. FARMERS' BANK & TRUST COMPANY.

### Opinion delivered May 15, 1922.

FACTORS—CONVERSION.—Where a cotton factor sold in Tennessee cotton covered by a chattel mortgage executed and recorded in Arkansas, where the cotton was grown and the mortgagor resided, and, without authority from the mortgagor, applied part of the proceeds on the mortgagor's indebtedness to the factor, the mortgagee was entitled to recover such amount from the factor.

Appeal from Mississippi Circuit Court, Chickasawba District; *R. H. Dudley,* Judge; affirmed.

*Little, Buck & Lasley* and *Coleman, Robinson & House,* for appellant.

The conversion occurred in the State of Tennessee; therefore the liability, if any, as a result thereof, is governed by the laws of that State. 159 S. W. 221; 50 L. R. A. (N. S.) 51. Even if the conversion had occurred in Arkansas, the appellant would not have been liable. 132 Ark. 592.

*Davis, Costen & Harrison,* for appellee.

The fact that the purchaser was ignorant of the existence of the mortgage would not bar a recovery by the appellee.  11 S. J. 424; 56 Ark. 499; 137 S. W. 490.

WOOD, J.   On the 15th of April, 1920, S. R. Swinney executed to the Farmers' Bank & Trust Company (hereafter called bank) a chattel mortgage on crops to be grown on 200 acres of land in Mississippi County to secure the payment of a debt to the bank in the sum of $29,368.05, evidenced by promissory notes.   Between the 8th of October, 1920, and the 13th of January, 1921, Swinney, without the knowledge and consent of the bank, shipped fifty-nine bales of cotton covered by the mortgage to Wilson-Ward Company (hereafter called company), a cotton factor in Memphis, Tennessee.   The company had no knowledge of the mortgage of the bank. It sold the cotton and out of the proceeds paid to Swinney the sum of $1,500 in cash, and, without any authority from Swinney to do so, applied the balance of $9,525 on his indebtedness to it, which amounted to more than $10,000.

This action was brought by the bank against the company to recover the sum of $11,025, the proceeds of the sale made by the company for Swinney.   The company denied liability.   By consent of parties the court sat as a jury to try the above issues and facts and rendered judgment in favor of the bank against the company in the sum of $9,525, from which judgment is this appeal.

The alleged conversion by the appellant took place in Tennessee, and the law of that State must govern.   It is held by the Supreme Court of Tennessee that "when a chattel mortgage is executed in a foreign State where the property then is and where the mortgagor resides, and has been duly recorded in that State pursuant to its laws, and is valid under the laws of that State, the mortgagee, under the rule of comity between States, must be held to have the better right upon the subsequent removal of the property to another State as against   * * *

an innocent purchaser from the mortgagor in such State into which the property has been so removed, although the mortgage is not recorded in the latter State." *Newsum.* v. *Hoffman,* 137 S. W. 490.

In the case of *J. T. Fargason Co.* v. *Ball,* 159 S. W. 221, the facts were that William Ball & Co. were cotton factors in the city of Memphis, Tennessee. One W. H. Barnes purchased from the mortgagor seventy bales of cotton upon which J. T. Fargason Co. had a mortgage which had been duly recorded in Arkansas where the cotton was grown and the mortgagor and mortgagee resided. Barnes shipped the cotton to Ball & Co. in his own name. The cotton was received by the company in the usual way and sold in the regular course of business and the proceeds were paid over in good faith to Barnes —all before Ball & Co. had any notice that Fargason & Co. had any interest in the cotton. The Supreme Court of Tennessee, upon the above facts, held that Ball & Co., the factors, were not liable. After approving the above doctrine of *Newsum* v. *Hoffman,* the court said: "The analogy would be complete if defendants were in possession of the property at the time complainant made demand therefor, or if they were in possession of its proceeds. On such a state of facts there is no doubt the complainant would have the right to recover. But the contest here is not over the property or its proceeds."

In the case at the bar the contest is over the proceeds of the sale of the cotton while in the hands of the appellant at the time the appellee instituted this action. It is true that the appellant had credited the account of its principal, Swinney, with the balance of the proceeds after having paid him in cash the sum of $1,500, but this was done, as the testimony shows, without his consent or direction. The appellant advanced him on the sale only the sum of $1,500, and for that appellant is not held liable. The residue of the proceeds appellant appropriated to the payment of Swinney's pre-existing indebtedness to it, and this appropriation, having been made without his con-

sent or direction, it cannot be held that the appellant, as factor and agent, had settled with its principal, Swinney, and accounted to him for the entire proceeds of the sale before this action was instituted against it.

It occurs to us, therefore, that under the facts of this record the doctrine of *Newsum* v. *Hoffman,* and *Fargason Co.* v. *Ball & Co., supra,* entitles the appellee bank to recover of appellant company the sum of $9,525, the proceeds of the sale of the cotton in its hands at the time this action was instituted. Until these proceeds had been turned over by the appellant to its principal, Swinney, they remained the property of Swinney upon which the appellee held a mortgage. The company had no lien on the proceeds of the sale in its hands to secure it in the payment of Swinney's indebtedness to it.

Under the doctrine of the above cases, when the appellant, without the knowledge, consent, or direction of Swinney, passed the proceeds of the sale to the credit of his pre-existing indebtedness, it wrongfully converted the same to its own use and is liable therefor to the appellee. In addition to the above cases, see Words & Phrases, Vol. 1, second series, p. 1030; 11 C. J. 424; *Merchants & Planters Bank* v. *Meyers,* 56 Ark. 473.

The decree is in all things correct, and it is therefore affirmed.